IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFRY FISHER, KAITLYN JOHNS, And TIFFANY DAVIDSON, On Behalf of Themselves and Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>LAND AND SEA RESTAURANT COMPANY, LLC d/b/a Frankie Rowland's Steakhouse,<br><br>Defendant. | Civil Action No.: 7;18cv512 |

# COMPLAINT

Plaintiffs Jeffry Fisher, Kaitlyn Johns, and Tiffany Davidson, individually and on behalf of all others similarly situated, by counsel, allege the following claims against the Defendant Land and Sea Restaurant Company, LLC ("Land and Sea"), which conducts business as Frankie Rowland's Steakhouse pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

## NATURE OF CLAIMS

1.  This is an action for violations of the minimum wage provisions of the FLSA. Plaintiffs are former employees of the Defendant and worked for the Defendant at Frankie Rowland's Steakhouse located in Roanoke, Virginia. Plaintiffs are former employees of the Defendant Land and Sea and worded as Servers at the Defendant's Frankie Rowland's Steakhouse restaurant located in Roanoke, Virginia. The Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. §216(b). Plaintiffs and other similarly situated employees of the Defendant worked as Servers and received customer tips as a part of their compensation. Defendant engaged

in a variety of unlawful practices toward the Plaintiffs and similarly situated employees that violated their rights under the FLSA including taking portions of the Servers' tips for unlawful purposes and applying an unlawful tip credit toward its minimum wage obligation.

2. Plaintiffs bring claims under the FLSA as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and other similarly situated employees who suffered damages as a result of Defendants' common practices that violated the FLSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 1367, 2201 and 2202.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as the Defendant is a resident of Roanoke, Virginia.

5. Defendant Land and Sea is subject to personal jurisdiction in the Commonwealth of Virginia, in that it is organized under the laws of Virginia, transacts business in Virginia, maintains its principal place of business in Virginia, contracts to supply services or things in Virginia, and has an interest in real property in Virginia.

## PARTIES

6. Plaintiff Jeffry Fisher is over the age of nineteen and is a resident of Roanoke, Virginia. Mr. Fisher worked for Defendants as a server from approximately June 1, 2016 until April 7, 2018.

7. Plaintiff Kaitlyn Johns is over the age of nineteen and is a resident of Roanoke, Virginia. Ms. Johns worked for Defendants as a server from approximately August 1, 2015 until May 31, 2018.

8. Plaintiff Tiffany Davidson is over the age of nineteen and is a resident of Roanoke, Virginia. Ms. Davidson worked for Defendants as a server from approximately July 2014 until January 2018.

9. Defendant Land and Sea Restaurant Company, LLC is a for profit corporation organized and existing under the laws of Virginia with a principal place of business located at 107 Jefferson Street, Roanoke, Virginia.

## FACTS AND ALLEGATIONS

10. At all times relevant herein, Defendant Land and Sea owned and operated Frankie Rowland's Steakhouse located at 104 Jefferson Street, Roanoke, Virginia.

11. Plaintiffs and other similarly situated employees worked for the Defendant as Servers at Frankie Rowland's Steakhouse and their primary job duties included interacting with customers regarding items on the menu, taking customers' orders, entering orders to the kitchen, serving food and beverages to customers, and taking payment from the customers.

12. Defendant paid Plaintiffs and similarly situated employees an hourly rate of $2.13 for all hours worked. In addition to this hourly wage, Plaintiffs and other Servers received tips from customers based on their service.

13. In order to meet its FLSA minimum wage obligation of $7.25 per hour for Plaintiffs and other Servers, Defendant applied a "tip credit" of $5.12 per hour based on the tips received by Plaintiffs and other Servers from the customers.

14. Defendants required Plaintiffs and other Servers to participate in a "tip pool" wherein each Server's tips were placed into a common pool to be redistributed equally among the Servers who worked that shift. Before redistributing the tips from the pool, Defendant took unlawful actions with regard to the tips, including:

  a. "Rounding down" the change to a full dollar amount from each Server's share of the pool and "skimming" this portion from the tip pool to be used for Defendant's purposes; and

  b. "Skimming" a percentage amount from the tip pool and using it to pay Defendant's overhead in the form of its hourly wage obligations to non-tipped employees.

15. When Servers complained to the Defendant's management that these practices were unlawful at a meeting that included all of the Servers, Defendant threatened the Servers that they would suffer the loss of their job if they didn't participate in the unlawful tip pool.

16. Defendants never provided notice to the employees that they were applying the tip credit toward their minimum wage obligations pursuant to the FLSA's tip credit provisions.

17. Plaintiffs and similarly situated employees were not exempt from the minimum wage provisions of the FLSA.

### FOR A FIRST CAUSE OF ACTION
### Failure to Pay Minimum Wages, 29 U.S.C. §205.
### (Individual and Collective Action)

18. Plaintiffs, on behalf of themselves and other similarly situated employees, re-allege and incorporate by reference all preceding paragraphs as if specifically set forth herein.

19. The FLSA mandates that employers compensate non-exempt employees at a minimum hourly rate of $7.25.

20. Pursuant to 29 U.S.C. §203(m), an employer may apply a credit, up to a maximum amount of $5.12 per hour, from tips received by a tipped employee toward the employer's minimum wage obligation under certain limited conditions.

21. Defendant paid Plaintiffs and other Servers an hourly rate of $2.13 and applied the maximum tip credit of $5.12 per hour toward Defendant's minimum wage obligation.

22. Defendants compensation policies and practices toward Plaintiffs and other Servers violated the minimum wage provisions of the FLSA in several particulars, including:

   a. Defendant did not permit Plaintiffs and other Servers to retain all tips received;

   b. Defendant unlawfully retained portions of the tips received by Plaintiffs and other Servers;

   c. Defendant distributed the tip pool to employees who did not customarily and regularly receive tips;

   d. Defendant failed to pay employees an amount sufficient to meet Defendants' minimum wage obligation; and

   e. Defendant failed to provide notice to Plaintiffs and other Servers of the FLSA's requirements for a valid tip credit.

23. At all times relevant herein, Defendant has been engaged in interstate commerce within the meaning of 29 U.S.C. §§203(r) and (s).

24. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. §203.

25. At all times relevant herein, Plaintiffs and similarly situated employees were engaged in interstate commerce.

26. At all times relevant herein, Defendant owned and operated an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

27. On information and belief, at all times relevant herein, the annual gross sales volume of Defendant's business was in excess of $500,000.00.

28. Defendant's violations of the FLSA were willful.

29. As a result of Defendant's violations of the minimum wage provisions of the FLSA, Plaintiffs and similarly situated employees are entitled to recover their damages caused by the violations, liquidated damages in an equal amount, and their attorneys' fees and costs incurred in bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Jeffry Fisher, Kaitlyn Johns, and Tiffany Davidson, individually and on behalf of similarly situated employees who join this action, demand:

a. Certification of this action as a collective action pursuant to 29 U.S.C. §216(b);

b. Judgment against Defendants in an amount equal to Plaintiffs' unpaid minimum wages at the applicable hourly rate of $7.25;

c. Judgment against Defendants for the amount of unlawfully retained tips;

d. Liquidated damages in an amount equal to Plaintiffs' damages;

e. Plaintiffs' attorneys' fees and costs; and

f. All such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs Jeffry Fisher, Kaitlyn Johns, and Tiffany Davidson on behalf of themselves and similarly situated employees demand a trial by jury.

Respectfully submitted,

/s/ William C. Tucker
William C. Tucker (VA Bar #40754)
Tucker Law Firm, PLC
690 Berkmar Circle
Charlottesville, Virginia 22901
(434) 978-0100 Phone
(434) 978-0101 Fax
Email: bill.tucker@tuckerlawplc.com

ATTORNEY FOR PLAINTIFFS