CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 19 2019

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JEFFRY FISHER, et al., )
 )
    Plaintiffs, )
 ) Civil Action No. 7:18CV00512
v. )
 ) **ORDER**
LAND AND SEA RESTAURANT )
COMPANY, LLC, ) By: Hon. Glen E. Conrad
 ) Senior United States District Judge
    Defendant. )
 )

    On October 18, 2018, Plaintiffs filed suit against defendant Land and Sea Restaurant Company, LLC ("Land and Sea"), which conducts business as Frankie Rowland's Steakhouse, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Plaintiffs were servers at Land and Sea's restaurant, and allege that Land and Sea rounded down and skimmed sums from a "tip pool," where each server's tips were collected and redistributed. Compl. ¶ 14.

    On November 14, 2019, the parties held a mediation conference before Magistrate Judge Robert S. Ballou. Thereafter, the parties notified the court that they had reached a settlement, and the Clerk noticed a settlement approval hearing for December 17, 2019. ECF Nos. 32, 33. On December 16, 2019, the parties filed a joint motion requesting that the court approve a settlement of Plaintiffs' FLSA claims. ECF No. 34. Although the parties described some terms of their proposed settlement and the attorney's fee award in a memorandum supporting their motion, the parties did not provide a copy of their agreement to the court. ECF No. 35.

    An agreement settling FLSA claims may only be "approved by the court[] 'after scrutinizing the settlement for fairness.'" Taylor v. Dolgencorp, Inc., No. 1:09-CV-00002, 2011 WL 1626557, at *1 (W.D. Va. Apr. 28, 2011) (quoting Lynn's Food Stores, Inc. v. United States,

679 F.2d 1350, 1353 (11th Cir. 1982)). "Any wage settlement that gave the employee less than the statutory minimum would frustrate Congress's objective of imposing uniform minimum pay requirements. Moreover, allowing below-minimum pay through settlement discounts would permit an employer to evade the FLSA and gain an unfair competitive advantage." Taylor v. Progress Energy, Inc., 493 F.3d 454, 460 (4th Cir. 2007), superseded by regulation on other grounds as recognized in, Whiting v. Johns Hopkins Hosp., 416 F. App'x 312 (4th Cir. 2011).

Settlements that require judicial approval are presumptively judicial records to which the public's right of access attaches. Other courts have concluded that "the public's right of access to judicial records and documents applies with particular force to settlement agreements in FLSA wage settlement cases" due to the remedial public policy of the FLSA and the statutory prohibition of private settlements. Poulin v. Gen. Dynamics Shared Res., Inc., No. 3:09-CV-00058, 2010 WL 1655962, at *5 (W.D. Va. Apr. 23, 2010); see also Miles v. Ruby Tuesday, Inc., 799 F. Supp. 2d 618, 625 (E.D. Va. 2011) (recognizing a "strong presumption of public access" to FLSA settlements when they must be approved by a court). Accordingly, the parties are directed to file a copy of their proposed settlement on the public docket if they wish the court to approve it, unless there are justifiable grounds for sealing the settlement. In any case, the court must review the actual agreement before the court can approve it.

The court also requires more information before it can award attorney's fees. The United States Court of Appeals for the Fourth Circuit requires trial courts to perform a rigorous a three-step analysis for arriving at a reasonable attorney's fee under the FLSA. See, e.g., Randolph v. Powercomm Constr., Inc., 715 F. App'x 227, 230 (4th Cir. 2017) (vacating award of attorney's fees) (citing McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013)); Randolph v. PowerComm Constr., Inc., 780 F. App'x 16, 24–25 (4th Cir. 2019) (vacating award of attorney's fees); Jackson

v. Estelle's Place, LLC, 391 F. App'x 239, 242–45 (4th Cir. 2010). Courts are required to perform a lodestar analysis, "subtract fees for hours spent on unsuccessful claims unrelated to successful ones," and examine the degree of success enjoyed by the plaintiffs. Randolph, 715 F. App'x at 231 (citing McAfee, 738 F.3d at 88). The present motion fails to provide the court with the information needed to perform such an analysis. Accordingly, the court is constrained to deny the motion.

For the reasons stated, it is hereby

**ORDERED**

as follows:

1. The parties' joint motion to approve the proposed settlement of Plaintiffs' FLSA claims, ECF No. 34, is **DENIED** without prejudice; and

2. The court will **CONTINUE** the hearing originally set for December 17, 2019. The parties are **DIRECTED** to confer regarding a mutually agreeable date for a future settlement approval hearing. Any further motion to approve the settlement should be filed at least one week before the hearing date.

The Clerk is directed to send copies of this order to all counsel of record.

DATED: This 18th day of December, 2019

_____
Senior United States District Judge