IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFRY FISHER, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 7:18CV00512 |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LAND AND SEA RESTAURANT ) | By: Hon. Glen E. Conrad |
| COMPANY, LLC, ) | Senior United States District Judge |
| ) | |
| Defendant. ) | |

On October 18, 2018, Plaintiffs filed suit against defendant Land and Sea Restaurant Company, LLC ("Land and Sea"), which conducts business as Frankie Rowland's Steakhouse, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Plaintiffs were servers at Frankie Rowland's Steakhouse, and allege that Land and Sea rounded down and skimmed sums from a "tip pool," where each server's tips were collected and redistributed. Compl. ¶ 14. This matter is before the court on the parties' motion to approve the settlement of Plaintiffs' claims and an award of attorneys' fees, after a hearing on that motion on January 21, 2020. For the reasons stated, the court will grant the parties' motion to approve their settlement and award fees.

On November 14, 2019, the parties held a mediation conference before United States Magistrate Judge Robert S. Ballou. Thereafter, the parties notified the court that they had reached a settlement, and the Clerk noticed a settlement approval hearing for December 17, 2019. ECF Nos. 32, 33. On December 16, 2019, the parties filed a joint motion requesting that the court approve a settlement of Plaintiffs' FLSA claims, which included an agreed-upon amount of attorneys' fees. ECF No. 34. The court entered an order denying that motion without prejudice and requesting further information from the parties. ECF No. 36. In particular, the court requested a copy of the parties' settlement agreement and substantiation for the fee award. Id.

Since then, the parties have provided the court with the necessary information. The settlement agreement, a redacted copy of which is attached to this Order as Exhibit A,[1] provides for a total payment by Land and Sea of $47,500: $24,138.54 to the Plaintiffs and $23,361.46 to Plaintiffs' counsel in fees and costs. The agreement also includes a Schedule A, which contains a chart describing the amounts payable to each Plaintiff. These amounts are assigned in a "proportionate share" of the Plaintiffs' award that was "calculated and allocated based upon the weeks worked" by each Plaintiff and "the amounts they made in wages and tips" during the relevant time period. The fee substantiation includes itemized and detailed billing entries and an expert declaration in support of the reasonableness of the fee award: an imputed hourly rate of approximately $180 per hour where counsel's work had been billed at a reduced rate of $350 per hour. ECF No. 38.

The court begins by examining the settlement agreement. Claims arising under the FLSA may be released or waived only if the settlement agreement is: (1) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c); or (2) approved by a court pursuant to 29 U.S.C. § 216(b). The court is required to "determine[] that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982). "[T]he district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 113 n.8

---

[1] The court agrees with other District Courts, and concludes that FLSA settlements are judicial records to which a right of public access attaches. See, e.g., Miles v. Ruby Tuesday, Inc., 799 F. Supp. 2d 618, 625 (E.D. Va. 2011) (Ellis, J.) (recognizing a "strong presumption of public access" to FLSA settlements when they must be approved by a court). The settlement attached to this order makes public all amounts payable under the parties' agreement, but redacts the names of individual Plaintiffs next to the individually payable amounts in Schedule A. See Bouchard v. DXP Enterprises, Inc., No. 15-CV-3118, 2016 WL 10721819, at *2 (S.D. Tex. Oct. 27, 2016) (permitting redaction of information related to individual plaintiff payments).

2

(1946)).

When considering a motion to approve an FLSA settlement agreement, courts weigh a number of factors, including: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs;" and finally, "the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." Lomascolo v. Parsons Brinckerhoff, Inc., No. 1:08–cv–1310, 2009 WL 3094955, at * 10 (E.D. Va. Sept. 28, 2009). Here, the court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute between the parties. The parties relate that Land and Sea has produced "hundreds of pages" of timekeeping records and personnel files, which aided the parties—who were represented by experienced counsel—in assessing the strengths and weaknesses of their respective cases at a contested mediation before Magistrate Judge Ballou.

The court continues by analyzing the fee award. The FLSA provides that the court "shall, in addition to any judgment awarded to the . . . plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action[,]" to prevailing plaintiffs. 29 U.S.C. § 216(b); see also Burnley v. Short, 730 F.2d 136, 141 (4th Cir. 1984) ("The payment of attorney's fees to employees prevailing in FLSA cases is mandatory."). The amount of attorney's fees is within the court's sound discretion. Burnley, 730 F.2d at 141.

The court finds the parties' agreed-upon fee award to be reasonable under the applicable standards. See Randolph v. Powercomm Constr., Inc., 715 F. App'x 227, 230 (4th Cir. 2017) (citing McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013)); Blackmon v. Cohen, No. 1:17-CV-890, 2020 WL 91914, at *3 (M.D.N.C. Jan. 8, 2020) (citing McAfee, 738 F.3d at 88). First, the

imputed hourly rate of $180.00 is reasonable under the circumstances of this case. In particular, this amount was agreed to by the parties, the imputed hourly rate is a substantial deduction from the normal rate of Plaintiffs' experienced counsel, the Plaintiffs brought fact-intensive claims, the fee award is proportional to the amount awarded to the Plaintiffs, and the total sums involved are not substantial. See Cab Siquic v. Star Forestry, LLC, No. 3:13-CV-00043, 2016 WL 1650800, at *1–2 (W.D. Va. Apr. 22, 2016) (Conrad, J.) (concluding that an hourly rate of $200.00 to $450.00 was reasonable, citing the "Johnson factors" quoted in McAfee, 738 F.3d at 88 n.5); see also ECF No. 38-2, Decl. of Harris. D. Butler, Esq. (describing counsel's experience and billing rates compared to peer practitioners). Second, the parties relate that they have deducted fees and costs spent in pursuing unsuccessful claims. ECF No. 38 at 2 n.3. Finally, the agreed-upon award accounts for the degree of success enjoyed by the Plaintiffs: Land and Sea maintained at the January 21, 2020 hearing that liability remained disputed, and argued that Plaintiffs may have been awarded no damages, had the matter been further litigated. See also ECF No. 38-2, Decl. of William C. Tucker ("Under the facts of this case, the likelihood of recovering" the settled amount "at trial was not high.").

Accordingly, it is hereby

**ORDERED**

that the parties' joint motion for approval of their settlement, ECF No. 34, is **GRANTED**.

The Clerk is directed to send copies of this order to all counsel of record.

DATED: This 24th day of January, 2020

_____
Senior United States District Judge